**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | Case No. 2:08-58592 |
| | ) | |
| Rocky A. DeVito and | ) | Judge C. Kathryn Preston |
| Pamela S. DeVito | ) | |
| | ) | **MOTION TO RECONSIDER DENIAL** |
| | ) | **OF CONFIRMATION AND DISMISSAL** |
| Debtors. | ) | **OF CASE WITH 20(A) NOTICE** |

Now come the Debtors, Rocky and Pam DeVito, by and through counsel, and do hereby move this Court for a Reconsideration of the denial of confirmation and dismissal of case. The Debtors' state that dismissal was not proper in this case as, based on the results of the hearing on confirmation, the extended length of time it was taking for the Debtors' proposed Chapter 13 plan to be confirmed, as argued by the Trustee, was as a direct result of the Trustee's offices actions and not of the Debtors. Therefore, the Debtors pray this Court to reinstate this case to the active docket and allow the Debtors' proposed plan be confirmed. In support, the Debtors' do state the following:

1. The Debtors filed this case on September 5, 2008.

2. The Debtors concurrently filed a proposed Chapter 13 plan on that date. [Docket Entry 2].

3. The Debtors also filed and/or remitted all required documents to the Court. [Docket Entry 8].

4. The Debtors', acting on the Trustee's Pre-341 Recommendations, filed an Amended Chapter 13 plan on October 28, 2008. [Docket Entry 23]. <u>Exhibit A</u>, "Trustee's Pre-Confirmation Recommendation."

5. The Debtors' §341 First Meeting of Creditors was held on October 29, 2009.

6. The Trustee objected to confirmation of the proposed Chapter 13 plan. [Docket Entry 28].

7. The Trustee's objection dealt with:

   a. Plan Length at current funding levels;
   b. Resolution of discrepancy between proof of claims of HSBC, the Debtors' mortgage creditor, and the Debtors' treatment of the first and second mortgage, and;
   c. Plan funding.

8. The Debtors' thereafter objected to proof of claims 4 and 7 of HSBC mortgage.[1]

9. The Debtors' submitted a property appraisal of their residence on November 19, 2008. [Docket Entry 29].

10. The Debtors, acting on information and discussions at the §341 meeting and on the Trustee's objection to confirmation, further amended the Chapter 13 plan to resolve issues of the Trustee. [Docket Entry 30]. The Debtors', further, amended Schedule A of the Voluntary Petition based on the property valuation obtained by JS & Associates. [Docket Entry 31]. *See also*, Docket Entry 29.

11. Confirmation on the proposed Chapter 13 plan was held on December 4, 2009. The Trustee would not recommend confirmation while the two objections to claims of HSBC remained outstanding. Therefore, the Trustee moved to adjourn confirmation until January 8, 2009.

12. Confirmation of the proposed Chapter 13 Plan was held on January 8, 2009. Again, the Trustee would not recommend confirmation while the two objections to claims of HSBC unresolved. Therefore, the Trustee moved to adjourn confirmation until February 5, 2009.

13. Confirmation of the proposed Chapter 13 Plan was held on February 5, 2009. Again, the Trustee would not recommend confirmation while the two objections to claims of HSBC unresolved. Therefore, the Trustee moved to adjourn confirmation until March 5, 2009.

14. On February 19, 2009, hearing on the objections to the claims of HSBC was held and the

---

[1] Objection to POC 4 was based on the Debtors' objection to a claim of arrearage by HSBC on its second mortgage of the Debtors' residence. Objection to POC 7 was based on the Debtors' objection to a claim of arrearage by HSBD on its first mortgage of the Debtors' residence.

parties agreed upon a course of action in resolution of the Debtors' objections.

15. On March 10, 2009, the Trustee amended his objection to confirmation on two grounds:
    a) To avoid the second mortgage of HSBC based on the appraisal filed with the Court, and;
    b) To pay the first mortgage via conduit as proof of claim 7 of HSBC stated an arrearage.

16. On March 18, 2009 the Debtors' filed Adversary Proceeding No. 02-02117 against HSBC regarding its second mortgage. [Docket Entry 50].

17. Confirmation of the proposed Chapter 13 Plan was held on April 7, 2009. The Trustee would not recommend confirmation while the Adversary Proceeding against HSBC was pending. Therefore, the Trustee moved to adjourn confirmation until July 2, 2009.

18. Further to the conclusion of the Debtors' pending objections to proof of claims 4 and 7, HSBC withdrew both claims on April 23, 2009. [Docket Entry 51 and 52].

19. Confirmation of the proposed Chapter 13 Plan was held on July 2, 2009. The Trustee would not recommend confirmation while the Adversary Proceeding against HSBC was pending. Therefore, the Trustee moved to adjourn confirmation until July 31, 2009.

20. Confirmation of the proposed Chapter 13 Plan was held on July 31, 2009. The Trustee would not recommend confirmation while the Adversary Proceeding against HSBC was pending. Therefore, the Trustee moved to adjourn confirmation until September 3, 2009.

21. Confirmation of the proposed Chapter 13 Plan was held on September 3, 2009. The Trustee would not recommend confirmation while the Adversary Proceeding against HSBC was pending. Therefore, the Trustee moved to adjourn confirmation until November 5, 2009.

22. At all times from November 20, 2008 until October 8, 2009, when the third amended plan was filed, the proposed Chapter 13 plan was, but-for the recommendation of the Trustee, in

confirmation posture.[2]

23. In September 2009, the Co-Debtor Spouse, Pamela DeVito, retired from her employment at Honda. Therefore, Amended Schedules and a Third Amended Plan were required.

24. The Amended Schedule I and J and a Third and Fourth Amended Plan were filed as a result of the change in financial circumstances of the Debtors'.[3]

25. Confirmation of the proposed Chapter 13 Plan was held on November 5, 2009. During oral arguments, the Trustee argued for dismissal of the case due to the length of time confirmation was pending. The Court sustained the objection of the Trustee without a full hearing on the merits, denied confirmation, and dismissed the case.

26. But-for the tolling of the noticing requirements, the Debtors' Fourth Amended Plan complied with all of the requirements for confirmation.

27. Rather than be dismissed, the Debtors' humbly state that their case should have been confirmed or an Evidentiary Hearing on confirmation of the Fourth Amended Plan be held or, in the alternative, that confirmation should have been adjourned until after final adjudication of the Adversary Proceeding.

28. The Debtors' are current with plan funding.

**W**herefore, the Debtors pray this Court to reinstate this case to the active docket, allowing the pending Adversary Proceeding to continue until completion and then set the matter of the confirmation of the Fourth Amended Plan for confirmation.

---

[2] As previously stated, the Trustee refused to consent to confirmation of the proposed plan until resolution of the Adversary Proceeding against HSBC.

[3] Amended Schedule I and Third Amended Plan were filed on October 8, 2009; Amended Schedule J and the Fourth Amended Plan were filed on November 2, 2009.

## 20(a) NOTICE OF MOTION

The Debtors have filed papers with the court to obtain an extension of the automatic stay as to all creditors in this case.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to grant the relief sought in the motion/objection, then on or before **twenty (20) days from the date set forth in the certificate of service for the motion/objection**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to:

United States Bankruptcy Court
170 North High Street
Columbus, OH 43215

OR your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the date above.

You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. Mail to:

THE ROMANO LAW FIRM
3455 Mill Run Drive, Suite 311
Columbus, OH 43026

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion/objection and may enter an order granting that relief.

Respectfully Submitted,

THE ROMANO LAW FIRM

/s/ Joseph M. Romano
Joseph M. Romano (0074709)
3455 Mill Run Drive, Suite 311
Hilliard, OH 43026
614-850-0777
614-850-0778 (fax)
bknotices@jromanolaw.com
*Counsel for the Debtors*

## CERTIFICATE OF SERVICE

A copy of the foregoing Motion To Reconsider Denial of Confirmation and Dismissal of Case was either sent electronically or via regular U.S. mail on the 16th day of November, 2009, upon the following parties:

Asst. U.S. Trustee (Col.)
at ustpregion09.cb.ecf@usdoj.gov

Frank M. Pees, Chapter 13 Trustee
at trustee@ch13.org

American Honda Finance Corp.
PO Box 1844
Alpharetta, GA 30023-1844

Beneficial
Customer Service
1123 West 5th Avenue
Marysville, OH 43040

Capital One
c/o eCast Settlement Corporation
PO Box 35480
Newark, NJ 07193-5480

Citifinancial, Inc.
Bankruptcy Department
PO Box 140489
Irving, TX 75014-0489

Citizens Financial Services, Inc.
124 West 5th Street
Marysville, OH 43040

Discover Financial Services, LLC
PO Box 3025
New Albany, OH 43054-3025

GE Money Bank/Lowe's
Attn: Bankruptcy Department
PO Box 103104
Roswell, GA 30076

Home Depot
Credit Services
PO Box 689100
Des Moines, IA 50368-9100

Honda Federal Credit Union
17655 Echo Drive
Marysville, OH 43040

Honda Manufacturing 401(k) Savings

c/o T.Rowe Price
PO Box 17349
Baltimore, MD 21297-1349

HSBC Bank Nevada - Rhodes, Inc.
Bass & Associates, PC
3936 E. Ft. Lowell Road, Suite 200
Tucson, AZ 85712

HSBC Mortgage Services
c/o Moss Codilis
PO Box 21188
Saint Paul, MN 55121-4201

Washington Mutual
Card Services
PO Box 660509
Dallas, TX 75266-0509

Wells Fargo Financial
4137 121st Street
Urbandale, IA 50323

Wells Fargo Financial Bank
4137 121st Street
Urbandale, IA 50323


/s/ Joseph M. Romano
Joseph M. Romano (0074709)
THE ROMANO LAW FIRM